Mt. Carmel Church *v.* Journey.

MT. CARMEL CHURCH use of BROYLES & TATUM *v.* JNO. F. JOURNEY, Adm'r. of HUGH NANCE.

PLEADINGS AND PRACTICE. *Parties. Assignee.* A subscription was authorized to Mt. Carmel Church, to be paid when the building committee required the money. The subscription was assigned to contractors and suit brought before a justice of the peace in the name of Mt. Carmel Church for the use of the assignees, and judgment for plaintiffs. *Held,* that the subscription was a promise to pay the building committee, and suit should have been brought in the name of the building committee, to use of assignees, but under sec. 4124 of the Code, the judgment being for the benefit of the assignees, who have the beneficial interest and are the real parties.

FROM HARDIN.

Appeal in error from the Circuit Court of Hardin county. T. P. BATEMAN, J.

PITTS & CUNNINGHAM for Journey.

L. H. & D. W. BROYLES for Broyles & Tatum.

DEADERICK, C. J., delivered the opinion of the court.

Nance authorized a subscription of $25 in shingles to be charged to him towards building a church at or near Mt. Carmel Church. The heading of the subscription was reduced to writing, after the subscriptions were authorized, by J. A. Pitts, who wrote it out in conformity to the agreement and in pursuance of his implied authority to do so. It bound the subscribers to pay the amount annexed to their names, to build

a church at, or near the site of Mt. Carmel Church. "The subscription to be paid whenever the building committee requires the money. A building committee was appointed and the church was built, and this committee transferred several subscriptions, amongst them that of Nance to Broyles & Tatum, for lumber purchased for the church. They brought suit and obtained judgment before a magistrate, from which Nance appealed to the circuit court. While the suit was pending there Nance died, and it was revived against his administrator. Judgment was rendered in circuit court in favor of plaintiffs, and the administrator has appealed to this court.

It was objected in the circuit court that there was no promise to pay any one, much less "Mt. Carmel Church," and no suit could be maintained in the name of Mt. Carmel Church. The paper shown does contain a promise to pay whenever the "building committee requires the money." And we think this fairly implies a promise to pay the money to the building committee, and that regularly, the suit should have been brought in the names of the building committee for the use of the parties to whom the claim was assigned.

The record shows that a building committee was appointed, and that they transferred the claim on Nance to Broyles & Tatum. The court refused to instruct the jury as requested, that the suit could not be maintained in the name of "Mt. Carmel Church" for the use of Broyles & Tatum, but said that if the facts showed plaintiffs were entitled to recover, they might,

under sec. 4124 of the Code, if the parties entitled to relief as well as those whose rights are affected, are properly before the court, and it is sufficient if plaintiffs show an equitable right to recover, and the use of the name of "Mt. Carmel Church," would not affect their rights.

The section of the Code cited (4124), authorizes any justice of the peace where the subject-matter does not exceed fifty dollars, to hear and determine the cause, upon principles of equity, and render such judgment or decree as the merits of the case may require, as fully, and in the same manner, as courts of chancery. In this case the assignees who have the beneficial interest in their claim sued on, are the real parties, and the judgment is for their benefit. The facts showing their interest and title appear in the evidence, the claim belongs to them and the judgment reaches the justice and merits of the case.

It is not objected that Nance, after the subscription was made, and lumber bought, and preparations to build begun, notified the building committee that he would not pay his subscription unless the title to the site was obtained before further expense was incurred.

Upon this point the circuit judge instructed the jury that if no such condition was annexed to the subscription when made, it could not be afterward insisted on. It appeared that the land had been the site of a church for forty years, and that the tract of land of which it was a part, had been sold for debt, after the owner had promised to make a deed. We think there was no error in this instruction.

It is next objected that the subscription being pay-able in shingles, no action could be maintained, unless notice or demand is given or made under secs. 1790, 1791, of the Code. Notice would be required as claimed. But in this case it appears the payor, him-self, informed the building committee, that the man he had employed to make the shingles had disappointed him, and that he would not be able to furnish them, and they must procure them elsewhere. This, we think, is a waiver of the notice required, and dispenses with the necessity of giving it.

Upon the whole, we are of opinion that the merits. of the case have been reached, and the judgment will be affirmed.